IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| CHANDRA MILLIKIN MCLAUGHLIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | 1:18-CV-593 |
|  | ) |  |
| NATIONSTAR MORTGAGE LLC, d/b/a/ Mr. Cooper, a corporation, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

Plaintiff Chandra McLaughlin has sued her mortgage company, defendant Nationstar Mortgage, alleging that after she refinanced the mortgage on her home in Lee County, North Carolina, in June 2013, Nationstar began sending her statements with false and inaccurate past-balances and unlawful fees and charges and has reported inaccurate credit information to credit reporting agencies. She asserts claims for breach of contract, negligence, and violations of various state and federal laws. While her complaint does have a few factual details, it is largely conclusory and provides insufficient factual detail to support her claims. The defendant's motion to dismiss will be granted, and unless the plaintiff files a motion to amend the complaint, the case will be dismissed.

I. **Facts Alleged in the Complaint**

Ms. McLaughlin purchased her home in Lee County, North Carolina, in 2005. Doc. 5 at ¶¶ 9–10. In April 2013, she was notified that her mortgage had been transferred

to Nationstar. *Id.* at ¶ 14. After learning from Nationstar that she would save money and reduce her monthly debt by refinancing, Ms. McLaughlin signed a refinance agreement sent to her home from Nationstar in June 2013. *Id.* at ¶¶ 16–17. Nationstar then began sending statements claiming unspecified false and inaccurate past-balances and began charging unidentified "unlawful" and "fictitious" fees and charges. *Id.* at ¶¶ 19–20, 24. She also alleges that Nationstar furnished inaccurate credit information, which she has neither identified nor described, to credit reporting agencies and that she asked Nationstar to stop "[o]n several occasions." *Id.* at ¶¶ 21–22.

After Ms. McLaughlin voiced her concerns about Nationstar's billing practices by e-mail and telephone, Nationstar continued to assess unspecified improper charges to her account. *Id.* at ¶¶ 25–26. In March 2016, Nationstar sent her a letter stating they had not received her February or March 2016 mortgage payments and that she had to pay the full amount of outstanding principal payments and fees, including "Late Charges" and "Other charges (Corporate Advance Balance)," to cure her default. *Id.* at ¶¶ 27–28. When Ms. McLaughlin contacted Nationstar to bring her account current, Nationstar reiterated that she needed to provide the full amount to cure default. *Id.* at ¶ 30.

Ms. McLaughlin eventually enrolled in the North Carolina Foreclosure Prevention Fund, which made a "payoff and fee inquiry" with Nationstar, after which Nationstar assessed her with an additional $964.10 in "lender fees." *Id.* at ¶ 31. She "granted a Deed of Trust with" the Prevention Fund in July 2016 to "bring her Nationstar account current." *Id.* at ¶ 32. In August and September 2016, Nationstar sent two loan statements listing the payments received, the lender expenses paid, amounts held in escrow, and

charging additional "Legal fees, property inspections, maintenance," and an unspecified late fee for August. *Id.* at ¶¶ 33–34. She does not identify which if any of these fees or charges were unauthorized by the mortgage agreement.

In June 2017, Nationstar confirmed receiving a letter from Ms. McLaughlin and stated they had investigated how funds received from the Prevention Fund had been applied. *Id.* at ¶ 37. Nationstar allegedly concluded that her account was "paid up to March 2017 but refused to credit the payments made" to her account or reduce some of the fees and charges. *Id.* at ¶ 37. Ms. McLaughlin continued to communicate with Nationstar about the status of her account throughout that summer, but in July 2017 Nationstar sent a notice of foreclosure, listing five additional fees. *Id.* at ¶ 38–39. Ms. McLaughlin claims that Nationstar did not take up her offer to present documents showing that these charges were improper and that Nationstar has continued to report a negative credit status on her account. *Id.* at ¶¶ 40–41.

## II. Procedural Background and Jurisdiction

Ms. McLaughlin originally filed this action in Lee County Superior Court. *Id.* at 1. Nationstar timely removed the matter to this Court on the basis of federal diversity jurisdiction, Doc. 1, and filed a motion to dismiss for failure to state a claim. Doc. 9.

## III. Standard[1]

Although Nationstar's motion to dismiss is unopposed and may ordinarily be granted on that basis, *see* LR 7.3(k), the court must examine the motion on its merits to

---

[1] The Court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

3

determine whether the pleadings are sufficient. *See Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, 230 F.R.D. 438, 449 (M.D.N.C. 2005).

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept the "well-pleaded allegations of the complaint as true," and draw "all reasonable inferences therefrom in favor of the plaintiff." *DeMasters v. Carilion Clinic*, 796 F.3d 409, 415–16 (4th Cir. 2015). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## IV. Analysis

### a. Breach of Contract

Ms. McLaughlin asserts a cause of action for breach of contract arising out of the fees and charges she believes are improper. Doc. 5 at ¶¶ 45–48. Nationstar contends that this claim should be dismissed because Ms. McLaughlin does not identify any specific terms of an agreement that were breached. The Court agrees.

"The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill,* 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). To state a claim, "the complaint must allege the existence of a contract between plaintiff and defendant, the specific provisions breached, the facts constituting the breach, and the amount of damages resulting to plaintiff from

4

such breach." *Cantrell v. Woodhill Enters., Inc.*, 273 N.C. 490, 497, 160 S.E.2d 476, 481 (1968).  While "there is no rule which requires a plaintiff to set forth in his complaint the full contents of the contract," the plaintiff must set forth enough facts to put the defendant on notice of the nature of the claim.  *Wray v. City of Greensboro*, 370 N.C. 41, 54, 802 S.E.2d 894, 903 (2017).

Ms. McLaughlin omits any reference to or quotation of contractual provisions executed with Nationstar in her complaint, and it is not completely clear if the contract at issue is the original mortgage from 2005, the refinancing mortgage agreement from 2013, or some agreement associated with her participation in the North Carolina Foreclosure Prevention Fund.  Assuming it is the 2013 refinancing agreement, she does not identify which fees and charges represent a breach of that contract.  While she does not have to prove her case in the complaint, she does have to provide something beyond bare conclusions that Nationstar has breached a contract.  She has not done so, and the breach of contract cause of action will be dismissed for failure to state a claim.

   b. **Negligence**

Ms. McLaughlin's claim of negligence is similarly non-specific, contending that "the negligence of the Defendants" was "the proximate cause of [her] resulting injury and damage."  Doc. 5 at ¶ 50.  She does not specify the basis of Nationstar's alleged legal obligation or duty towards her within her negligence claim, omitting this necessary element.  *See id.* at ¶¶ 49–51; *Little v. Omega Meats I, Inc.*, 171 N.C. App. 583, 586, 615 S.E.2d 45, 48, *aff'd,* 360 N.C. 164, 622 S.E.2d 494 (2005) ("The traditional elements of

5

actionable negligence are the existence of a legal duty or obligation, breach of that duty, proximate cause and actual loss or damage.").

The only source of legal duty she has mentioned arises from the refinancing agreement. However, "[w]here a cause of action presumes the existence of an agreement, the terms contained in an agreement, and the interpretation of an agreement, the issues raised must be relegated to the arena of contract law, and are not appropriate for resolution under tort principles." *Moore v. Seterus, Inc.*, No. 4:16-CV-293-FL, 2017 WL 3496485, at *5 (E.D.N.C. Aug. 15, 2017); *see also Spillman v. Am. Homes of Mocksville, Inc.*, 108 N.C. App. 63, 65, 422 S.E.2d 740, 741 (1992) (finding that "a tort action does not lie against a party to a contract who simply fails to perform the terms of the contract"). Since Ms. McLaughlin has not alleged any facts indicating her negligence claim is based on a duty outside of her contractual relationship with Nationstar, this claim will be dismissed. *See Synovus Bank v. Coleman*, 887 F. Supp. 2d 659, 673 (W.D.N.C. 2012) (dismissing negligence claims because borrower "offered no legal or factual basis on which the Court could impose any duty on the [lender] beyond those duties expressly provided for in the parties' loan agreement.").

### c. N.C. Unfair and Deceptive Trade Practices Act

Ms. McLaughlin asserts that Nationstar violated the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.*, by making illegal and improper charges against her account with malice, intent, and design to distort her credit and prevent her from refinancing with another company. Doc. 5 at ¶¶ 52–56. To establish a claim for unfair and deceptive trade practices in North Carolina, a plaintiff

must demonstrate (1) an unfair or deceptive act or practice, (2) in or affecting commerce, which (3) proximately caused injury to plaintiff. *Synovus Bank v. Tracy,* 603 F. App'x. 121, 125 (4th Cir. 2015). Putting aside that Ms. McLaughlin has not alleged Nationstar's acts to be "in or affecting commerce," her factual allegations as stated in her complaint do not plausibly support a claim under this statute.

To the extent Ms. McLaughlin's claim rests on an assertion that Nationstar misreported her credit information, the federal Fair Credit Reporting Act pre-empts this claim. 15 U.S.C. § 1681t(b)(1)(F); *Ross v. FDIC,* 625 F.3d 808, 812 (4th Cir. 2010).

To the extent Ms. McLaughlin's claim rests on fees charged by Nationstar, her allegations do not provide Nationstar with adequate notice of which fees form the basis of her claims. The Complaint makes reference to "false," "inaccurate," "fictitious," and "unlawful" fees and charges, Doc. 5 at ¶¶ 19, 20, 24, without specifying the category or type of fee, date, or amount that she disputes. While Ms. McLaughlin describes the contents of multiple letters sent by Nationstar at various times, *id.* at ¶¶ 28, 33, 34, 39, she does not state which, if any, of the fees listed in these letters she contests. Charging fictitious fees and late fees after a mortgage account is brought current may very well violate North Carolina's prohibition on unfair and deceptive trade practices, but the allegations in Ms. McLaughlin's complaint as written are no more than "legal conclusions" or "bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). This claim will therefore be dismissed.

7

### d. Federal Fair Debt Collection Practices Act

Ms. McLaughlin contends that the defendant violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Her complaint does not specify which of Nationstar's alleged actions were a violation of this act. *See* Doc. 5 at ¶¶ 57–60.

The Fair Debt Collection Practices Act regulates the conduct of "debt collectors," defined as those who seek to collect "debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). It generally does not apply to direct creditors, who are only considered "debt collectors" when using "any name other than [their] own which would indicate that a third person is collecting or attempting to collect such debts." *Id.*; *see also also McCrimmon v. Mariner Fin. North Carolina, Inc.,* 154 F. Supp. 3d 256, 258 (M.D.N.C. 2016) (collecting cases).

Ms. McLaughlin alleges that she refinanced her mortgage directly with Nationstar in June 2013 and that Nationstar is a creditor for the purposes of this claim. Doc. 5 at ¶¶ 17, 59. She makes no allegations that Nationstar has attempted to collect its debt using the name of another party. Under the facts alleged, Nationstar is a creditor and not a debt collector as defined by the Fair Debt Collection Practices Act, and this claim will be dismissed for failure to state a claim. 15 U.S.C. § 1692a(4); *see also McCrimmon,* 154 F. Supp. 3d at 258 (dismissing FDCPA claim because defendant and holder of a note and security agreement with plaintiff was a creditor, not debt collector).

### e. Federal Fair Credit Reporting Act

Ms. McLaughlin asserts that Nationstar violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, by furnishing information to a consumer reporting agency that it

knew or should have known was false, failing to investigate its information after she made complaints as required under 15 U.S.C. § 168li(a)(1), and failing to later correct information it provided. Doc. 5 at ¶¶ 61–70.

The section Ms. McLaughlin cites in her complaint, Section 1681i(a)(1), places an obligation on consumer reporting agencies to reinvestigate information in a consumer's credit report if disputed by the consumer. 15 U.S.C. § 1681i(a)(1). Since Ms. McLaughlin does not directly allege that Nationstar is a "consumer reporting agency" as defined by the Act, 15 U.S.C. § 1681a(f), and does not allege any facts that would tend to bring Nationstar within its statutory definition, her claim pursuant to 1681i(a)(1) will be dismissed.

Another subsection of the Fair Credit Reporting Act does impose obligations on organizations like Nationstar who furnish information to consumer reporting agencies. Specifically, a private right of action exists under Section 1681s-2(b) if furnishing organizations fail to investigate disputed credit information after two events have occurred: (1) a consumer has filed a dispute with the consumer reporting agency, and (2) the consumer reporting agency notified the creditor or the creditor's agent about the dispute. *See Glenn v. FNF Servicing, Inc.*, No. 5:12-CV-703-D, 2013 WL 4095524, at *4 (E.D.N.C. Aug. 13, 2013) (describing the elements required to plausibly allege a claim under Section 1681s-2(b)).[2] Ms. McLaughlin has not cited this statutory provision, nor has she alleged that either of these events occurred in her complaint. Therefore, she does

---

[2] Section 1681s-2(a) requires furnishing organizations to provide accurate information, but there is no private right of action for a failure to do so. 15 U.S.C. § 1681s-2(c)(1).

not state a claim under Section 1681s-2(b). *See Banks v. Stoneybrook Apartment,* No. 1:99CV00561, 2000 WL 1682979, at *2 (M.D.N.C. Jun. 1, 2000) (dismissing claim because "Plaintiffs have not alleged they contacted the Credit Bureau to contest the amounts shown on their consumer report or that [defendant] received such notice.").

### f. Federal Real Estate Settlement Procedures Act

Ms. McLaughlin contends that Nationstar violated Section 2605 of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, by willfully failing to timely respond to her inquiries. Doc. 5 at ¶¶ 71–76. Section 2605 requires loan servicers to either correct or investigate an error brought to their attention by a "qualified written request" from a borrower and to notify the borrower within 30 business days of the correction or of the results of the investigation. 12 U.S.C. § 2605(e)(2). A "qualified written request" is "a written correspondence" that identifies the name and account of the borrower and either states the reasons the borrower believes the account is in error or requests other information with sufficient detail. 12 U.S.C. § 2605(e)(1)(B).

To meet plausibility pleading requirements under *Iqbal*, courts generally require Real Estate Settlement Procedures Act claims to include factual allegations showing a plaintiff's correspondence has the elements of a "qualified written request." *See, e.g.*, *Davis v. Bowens*, No. 1:11CV691, 2012 WL 2999766, at *6 (M.D.N.C. July 23, 2012); *Williams v. Wells Fargo Bank, N.A.*, No. C10-5880BHS, 2012 WL 72727, at *7 (W.D. Wash. Jan. 10, 2012). A conclusory assertion that a communication is a "qualified written request," without alleging its date, contents, subject matter, or other pertinent information, is not enough. *See Williams,* 2012 WL 72727, at *7.

Ms. McLaughlin alleges that Nationstar received a letter she sent on an unspecified date and of unspecified content and that it replied that it had investigated where funds sent by the North Carolina Housing Finance Agency had been applied. Doc. 5 at ¶ 37. Ms. McLaughlin does not provide details from which the Court could reasonably infer that her letter was a "qualified written request" under 12 U.S.C. § 2605(e)(1)(B). Even if it was, there is nothing to indicate Nationstar's response was untimely. Accordingly, this claim will also be dismissed for failure to state a claim.

### g. Claim Against Bank of America

In her seventh claim, Ms. McLaughlin makes several unclear allegations about actions by Bank of America and Nationstar's "predecessor." Doc. 5 at ¶¶ 77–84. She does not identify the nature of this claim, which appears to be an attempt to hold Nationstar liable for negligent misrepresentations by others.

While a plaintiff is not required to set forth a specific legal theory for relief in her complaint, *see Johnson v. City of Shelby*, 135 S. Ct. 346, 346–47 (2014) (per curium), she is still required to meet federal pleadings standards for her factual allegations, including the requirement to provide "fair notice" of the nature of her claim. *Twombly,* 550 U.S. at 555. Here, Ms. McLaughlin does not attribute any improper fees or false credit reporting to Bank of America, and her only specific allegation of misconduct is that Bank of America as the "Defendants' predecessor" gave false information to Nationstar. Doc. 5 at ¶ 80. Bank of America is not a named defendant in this action, and Ms. McLaughlin has not explained how Nationstar can be held liable for this conduct. This claim will be dismissed.

### h. Claim for Injunctive Relief

Finally, Ms. McLaughlin's eighth cause of action for injunctive relief will be dismissed because the law "does not recognize a freestanding cause of action for injunctive relief." *Bruton v. FirstHealth of the Carolinas, Inc.*, No. 1:12CV253, 2012 WL 5986788, at *2 (M.D.N.C. Nov. 29, 2012).

### V. Conclusion

It may be that Ms. McLaughlin has a claim against Nationstar if in fact Nationstar has charged Ms. McLaughlin fees not authorized by her contract or has failed to apply payments to her loan. She does not have to prove her claims in the complaint, but her allegations must provide sufficient factual detail to make her claims plausible and must provide Nationstar with fair notice.

The Court will withhold entry of judgment for fourteen days in order to give the plaintiff an opportunity to file a motion to amend the complaint. Any such motion must attach a proposed amended complaint or it will be summarily denied. *See* LR 15.1.

For the reasons stated above, it is **ORDERED** that the defendant Nationstar's motion to dismiss, Doc. 9, is **GRANTED** and that this matter will be **DISMISSED** unless, within fourteen (14) days of this Order, the plaintiff has filed a motion to amend the complaint.

This the 12th day of September, 2018.

UNITED STATES DISTRICT JUDGE